HEIRS OF JOAQUINA GÓMEZ, Plaintiffs and Appellees, *v.* ARTURO COLÓN GÓMEZ ET AL., Defendants and Appellees.

No. 8641. Argued November 17, 1943.—Decided February 10, 1944.

*Diego E. Ramos* for appellant. *Luis Mercader* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

This suit was brought to have declared null and void a $2,500 promissory note, a mortgage executed as security therefor and the summary foreclosure proceedings on the mortgage. The note and mortgage were executed in 1940 by Joaquina Gómez eleven months before her death, when she was over eighty years of age, in favor of her nephew, Arturo Colón Gómez, the principal defendant herein. By a will executed in 1930 and modified in 1931, Mrs. Gómez constituted her three natural children, Luis, Manuela, and Petra, as her only and universal heirs. Luis predeceased his mother. His children brought the present suit as the Estate of Joaquina Gómez. The other two children of Joaquina Gómez, Manuela and Petra, are joined as defendants because of their refusal to appear as plaintiffs. The Estate has appealed from a judgment of the district court in favor of the defendants.

██ The appellants set up as the first alleged error of the lower court its failure to find that as a matter of fact Mrs. Gómez was mentally incompetent to execute the promissory note and mortgage involved herein. The appellants take the position that the district court erred in allegedly holding that expert testimony to this effect was required in order to substantiate the position of the appellants. The appellants are correct in their contention that lay evidence is competent on the question of sanity (VII Wigmore on Evidence, §1938, p. 36). But the lower court did not take the position attributed to it by the appellants. While it mentioned the fact that no expert testimony had been offered to establish the mental incapacity of Mrs. Gómez at the time she executed the documents in question, the judgment of the district court was not grounded solely on this fact. The lower court came to the conclusion, based on all the testimony, that the appellants had not met the burden of proof on the issue of sanity. The fact that Mrs. Gómez was old,

illiterate, and deaf were, of course, not of themselves conclusive on this question. The court resolved the conflict in the testimony in favor of the appellees, pointing out, among other things, that these documents, executed before a notary who certified to her mental capacity, were among several which she had signed in recent years. We are unable to find any basis on which we can interfere with the judgment of the district court on this question (*Suárez et al.* v. *El Banco Territorial y Agrícola*, 16 P.R.R. 599).

The appellants also contend that the lower court should have found that the execution of the note and mortgage were obtained by fraud and deceit. On this point, the appellants cite the already-noted testimony of mental unfitness; the fact that Mrs. Gómez, according to their testimony, never mentioned this matter to her grandchildren, in whom she customarily confided; that the defendant was not a business man and was without sufficient funds for such an investment, as he received a small salary as an employee and had never had a bank account.

On the other hand, the defendant, who was admittedly the lessee of the mortgaged farm at the time the note and mortgage were executed, offered an explanation of their execution which, if believed was sufficient, as we shall presently see, to constitute adequate consideration for the contract involved therein. Certainly this state of facts would not justify our over-turning as a matter of law the finding of fact of the district court that fraud on the part of Colón had not been shown with the requisite clear and convincing proof (*Texas Co. (P.R.) Inc.* v. *Estrada*, 50 P.R.R. 709; *Arenas* v. *Batalla*, 48 P.R.R. 30; *Martínez* v. *Rodríguez*, 26 P.R.R. 5).

The next alleged error is that there was not sufficient consideration for the mortgage contract. Colón testified that he lived with Mrs. Gómez; that he took care of her for many years; that he had various business transactions with her, including leasing from her the farm in question; and

that Mrs. Gómez loved him very much. He testified that Mrs. Gómez owed him a sum of money—approximately $900 —which was concededly less than the face amount of the note. He testified, however, that at the time of the execution of the note, Mrs. Gómez insisted that the note and mortgage be executed in the larger amount of $2,500 because of her affection for him and because of her gratitude to him for taking care of her. If this testimony was believed by the lower court, it was under the circumstances of this case sufficient *causa* or consideration under $1226[1] of our Civil Code (*Cabanillas* v. *Cabanillas et al.*, 33 P.R.R. 739; *Cruz* v. *López et al.*, 17 P.R.R. 40).

█ The appellants impute passion, prejudice, and partiality to the lower court, but point to no specific episode in the record to support such a serious charge (*Colón* v. *Government of the Capital*, 62 P.R.R. 24).

In view of the result we have reached, the remaining questions raised by both parties require no consideration by us.

The judgment of the district court will be affirmed.

---

[1] Section 1226 reads as follows:

"In contracts, involving a valuable consideration, the prestation or promise of a thing or services by the other party is understood as a consideration for each contracting party; in remuneratory contracts, the service or benefits remunerated, and in those of pure beneficence, the mere liberality of the benefactor."